<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 13, 2022

James P. Connor, Esq.
Andrew R. McFall, Esq.
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
*Attorneys for Plaintiff*

Frank J. Cuccio, Esq.
Edward A. Velky, Esq.
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
*Attorneys for Defendant*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:**  *United States Securities and Exchange Commission v. Gu and Lee*,
       **Civil Action No. 21-17578 (SDW) (AME)**

Counsel:

Before this Court is Defendant Suyun Gu's ("Defendant") Motion to Dismiss Plaintiff United States Securities and Exchange Commission's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (D.E. 10.) This Court having considered the parties' submissions, and for the reasons discussed below, **DENIES** Defendant's motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of Plaintiff's allegations that Defendant engaged in thousands of "wash trades"—sales of securities in which he was really both the seller and buyer—to fraudulently obtain over $1 million in rebates offered by national security exchanges for certain types of trades. (*See* Compl. ¶¶ 1–10.) This Court, writing for the parties, briefly summarizes the allegations below without elaborating on the technical details of the alleged scheme.

The alleged wash trading occurred in two rounds. (*See id.* ¶ 8.) Defendant and his friend Yong Lee engaged in the first round between February 19 and March 4, 2021, when their broker-dealers detected the wash trading and froze their accounts. (*See id.* ¶¶ 8, 25, 43–51.) Defendant

then continued the scheme alone, shifting his activity to different brokerage accounts to engage in a second round of wash trading from March 25 to April 15, 2021. (*See id.* ¶¶ 8, 52–64.) Defendant attempted to conceal the scheme by using the brokerage accounts of friends and family members, using virtual private servers to mask his identity when broker-dealers froze his account, and misrepresenting his strategy to the broker-dealers through which he executed the trades. (*See id.* ¶¶ 7, 45, 55.) Plaintiff alleges that Defendant executed approximately 11,430 wash trades in total, receiving at least $1,370,000 in rebates and resulting in a net gain of at least $668,671 after commissions and fees. (*See id.* ¶¶ 9, 50, 64.)

Plaintiff filed suit in this Court on September 27, 2021, against Defendant and Mr. Lee. (D.E. 1.) The Complaint asserts two counts against Defendant and Mr. Lee for violations of the Securities and Exchange Acts. Count I alleges that they violated Section 17(a)(1) and (2) of the Securities Act, 15 U.S.C. § 77q(a)(1) and (2), and Count II alleges that they violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), as well as Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. (Compl. ¶¶ 68–73.) Mr. Lee quickly consented to judgment against him, which this Court entered on September 29, 2021. (D.E. 5.) Defendant subsequently filed the instant Motion to Dismiss the Complaint and the parties timely completed briefing. (D.E. 10, 16, 17.)

## II.   LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.

Pursuant to Rule 9(b), plaintiffs alleging fraud must "meet a heightened pleading standard by 'stat[ing] with particularity the circumstances constituting fraud[.]'" *N.Y. City Emps.' Ret. Sys. v. Valeant Pharm. Int'l, Inc.*, Civ. No. 18-0032, 2018 WL 4620676, at *2 (D.N.J. Sept. 26, 2018) (quoting Fed. R. Civ. P. 9(b)). Plaintiffs can satisfy this heightened standard by alleging dates, times, places, and other facts with precision. *Park v. M & T Bank Corp.*, Civ. No. 09-2921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P 9(b).

## III.     DISCUSSION

"Artificial trades, such as wash transactions" are an inherently fraudulent practice and "have no purpose save to avoid some legal, statutory, regulatory, or contractual obligation or to manipulate the market." *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 124 (2d Cir. 1999). In moving to dismiss, "Defendant concedes that the Complaint contains considerable detail regarding the factual events which [Plaintiff] apparently takes issue with." (D.E. 10-1 at 5.) However, Defendant argues that an amended pleading is required because the Complaint impermissibly incorporates by reference every previous allegation into each cause of action and because the Complaint does not specify which portions of the relevant securities laws were allegedly violated. (*See id.* at 5–10; D.E. 17 at 2–9.) This Court addresses each argument below.

First, Defendant argues that by incorporating the allegations by reference into the asserted counts, Plaintiff does "not fairly and adequately provide notice to Defendant of what the claims against him are." (D.E. 10-1 at 6.) He contends that, "[u]nder the pleading standards of Rules 8 and 9(b), a plaintiff must do more than simply complain about certain conduct and then assert— in conclusory fashion—that the conduct was fraudulent and violated the securities laws." (*Id.* at 5.) However, this Court has reviewed the Complaint and finds that it provides sufficient notice to Defendant of the allegations against him and does so with sufficient particularity. For example, the Complaint provides second-by-second details of the wash trading scheme in specific securities and how that trading affected the securities markets. (*See, e.g.*, Compl. ¶¶ 58–67.) It further details how Defendant attempted to conceal the scheme by trading in the brokerage accounts of friends and family, using virtual private servers to mask his identity, and misrepresenting his trading strategy to the broker-dealers through which he executed the wash trades. (*See id.* ¶¶ 7, 45, 49, 53, 55, 57, 59.) "[T]he incorporation of [these] preceding paragraphs into subsequent causes of action is a standard practice, specifically permitted by Rule 10(c), Fed. R. Civ. P." *Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, Civ. No. 06-8195, 2008 WL 2695090, at *3 (S.D.N.Y. July 8, 2008); *see* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

Second, Defendant argues that the Complaint "does not specify what portion of the relevant securities laws were purportedly violated," or "articulat[e] how and why each of those elements of the claims are satisfied." (D.E. 10-1 at 8 (emphasis omitted).) The Complaint specifies that Defendant violated Securities Act Section 17(a)(1) and (2), Exchange Act Section 10(b), and Exchange Act Rule 10b-5. (Compl. ¶¶ 68–73.) It asserts that his alleged actions—including his inherently deceptive wash trading scheme, his misrepresentations to the broker-dealers through which he perpetrated the scheme, and his efforts to conceal the scheme by trading in others' accounts and using virtual private networks to mask his identity—all violated federal securities laws that prohibit "schemes . . . to defraud," "untrue statements of material fact," and "practices or courses of business which operate[ ] . . . as a fraud." (Compl. ¶ 72; *see id.* ¶¶ 70, 73 (setting forth the applicable statutes and regulation); *id.* ¶¶ 7, 42–64 (setting forth the alleged conduct that violated those statutes and regulation).) The Complaint also alleges that Defendant's 11,430 wash trades created a false impression of legitimate market activity that induced others to trade in securities that they would not have otherwise traded in, in violation of Securities Act Section 17(a), Exchange Act Section 10(b), and Exchange Act Rule 10b-5. (*See* Compl. ¶¶ 65–67.) "These statutes and rule all proscribe fraudulent conduct in connection with the purchase and/or sale of securities, and the elements required to prove violations are essentially the same." *Sec. & Exch.*

*Comm'n v. Desai*, 145 F. Supp. 3d 329, 335 (D.N.J. 2015) (citing *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1467 (2d Cir. 1996)), *aff'd*, 672 F. App'x 201 (3d Cir. 2016); *S.E.C. v. Pasternak*, 561 F. Supp. 2d 459, 498 (D.N.J. 2008) (noting that "the elements required to prove violations of these statutes and regulations are essentially the same").

Rule 9(b)'s particularity requirement demands that a plaintiff "plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Plaintiff's Complaint plainly meets the heightened pleading standard here by alleging that Defendant and Lee (who) engaged in a wash trading scheme (what) from February through April 2021 (when), by using brokerage accounts at broker-dealers that they misled (where and how), to obtain rebates offered by securities exchanges for certain types of trades (why). Despite Defendant's protests, he is not prevented "from meaningfully being able to respond to the Complaint." (D.E. 10-1 at 1.) This Court will therefore deny his motion.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      André M. Espinosa, U.S.M.J.