**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case 2:21-cv-17578-SDW-AME** |
| **SUYUN GU, et al.,** | |
| **Defendants.** | |

**PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S
CONSENT MOTION FOR LEAVE TO FILE ITS FIRST AMENDED
COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

John J. Bowers
James P. Connor
Andrew R. McFall
U.S. SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-4645 (Bowers)
bowersj@sec.gov
*Counsel for Plaintiff*

Dated:  December 12, 2022

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1(a), Plaintiff U.S. Securities and Exchange Commission ("Commission" or "SEC") respectfully moves this Court for leave to file an amended complaint in the form attached as Exhibit A.  (A redline comparing the proposed Amended Complaint to the current Complaint is attached as Exhibit B.)  Based in part on new information developed in discovery since filing the Complaint on September 27, 2021, the Commission's proposed amendment adds an additional claim that Defendant Suyun Gu violated Section 9(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78i(a)(1)].  The proposed amendment is also consistent with the factual allegations in the Complaint in support of the Commission's existing fraud claims.  Through counsel, Defendant Gu has consented to the Commission's proposed amendment.

## II.    BACKGROUND

### A.    Procedural History and Status of Discovery

This enforcement action, which was filed on September 27, 2021, arises out of a fraudulent scheme by Gu to obtain over $1 million in liquidity rebates from U.S. national security exchanges through thousands of "wash trades" – simultaneous or near-simultaneous purchases and sales of securities without an actual change in beneficial ownership.  Compl., ECF No. 1 at ¶ 1.  The Complaint

1

describes Gu's creation of the scheme in February 2021 (*id.* at ¶¶ 35-42), the first round of wash trading perpetrated by Gu and former co-defendant Yong Lee[1] in February and March 2021 (*id.* at ¶¶ 43-51), and Gu's second round of wash trading in March and April 2021 (*id.* at ¶¶ 52-64). The Complaint also explains how Gu's fraudulent scheme harmed the securities markets (*id.* at ¶¶ 65-67), details his misrepresentations and efforts to conceal the scheme so he could continue to profit from it (*id.* at ¶¶ 7, 45, 53, 57-60), and sets forth the substantial profits Gu realized from his misconduct (*id.* at ¶ 9). Throughout the scheme, Gu executed wash trades for the purpose of creating the false impression of legitimate market activity when none existed, all to recover hundreds of thousands of dollars in ill-gotten liquidity rebates. Compl. ¶¶ 42-67, 69, 72.

Before filing the Complaint, the Commission had not developed a sufficient record to fully support a claim pursuant to Section 9(a)(1) based on Gu's conduct. In discovery, the SEC obtained admissions from Gu that his wash trades were executed for the purpose of creating the false and misleading appearance of active trading and liquidity in the market for the securities underlying his trades – conduct that violates Exchange Act Section 9(a)(1). Gu admitted in sworn discovery responses "he intended to provide liquidity to the market through the subject

---

[1] The Court entered final judgment against Lee on the SEC's claims on September 29, 2021, following Lee's consent to the judgment. ECF No. 5 (final judgment); ECF No. 2-2 (Lee's consent).

options trading." Gu Response to SEC Interrogatory No. 8. He also admitted that, with a few limited exceptions, he "intended to be the counterparty" for his options trades. Gu Response to SEC Request for Admission No. 158. Gu also confirmed that he knew that exchanges paid liquidity rebates in order to promote liquidity. Gu Response to SEC Request for Admission No. 158. Gu thus executed his trades for the purpose of creating the misleading appearance of active trading and in order to qualify for rebates that he knew were designed to promote actual liquidity.

In addition to providing further support for the Commission's existing claims pursuant to Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], these facts provide a clear basis for the Commission's proposed claim that Gu also violated Section 9(a)(1).

## III.   ARGUMENT

Under the Federal Rules of Civil Procedure, leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). "There are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir.

2016) (citations omitted); *see also ITServe Alliance, Inc. v. Scalia*, No. 2:20-cv-14604-SRC-CLW, 2021 WL 1259671, at *2 (D.N.J. Apr. 6, 2021) (quoting *Victaulic*); *Zurich American Ins. Co. v. Khan*, No. 21-19968-MCA-AME, 2022 WL 3754824, at *1 (D.N.J. Aug. 30, 2022) (similar analysis).  Rule 15 "is based on a strong public policy that cases be decided on the merits and not on pleading technicalities."  *Williams v. First Student Inc*., No. 20-1176 (NLH/SAK), 2021 WL 3023051, at *3 (D.N.J. Jul. 16, 2021).

Here (1) there has been no undue delay, nor is there any indicia of bad faith or dilatory motives, (2) the amendment would not be futile, and (3) the amendment would not prejudice Defendant Gu.  Defendant Gu has had the opportunity, through counsel, to review the proposed Amended Complaint, and has consented to the requested amendment.  Therefore, this Court should grant this motion and allow the Commission to file the proposed Amended Complaint.

### A.    There Has Been No Undue Delay, Nor Is There Any Indicia of Bad Faith or Dilatory Motive

The SEC has not unduly delayed in filing the instant motion to amend, and has filed in advance of the December 12, 2022 deadline set by the Court.  ECF 32 (Pretrial Scheduling Order); *see also Astrazeneca AB v. Perrigo Co. PLC*, No. 15-1057 (MLC), 2015 WL 8483298, at *4 (D.N.J. Dec. 9, 2015) (explaining that "[t]he Court would find it difficult to hold that a motion filed within the deadline set by the Court and known to the parties was the product of undue delay").  In

addition, the proposed additional claim is based in part on information obtained by the SEC in discovery after the filing of the Complaint.  On these facts, the SEC's proposed amendment does not reflect undue delay.

Nor is there any indicia of bad faith or dilatory motive.  "Although delay itself can be evidence of bad faith justifying the denial of a motion to amend, there generally must also be some extrinsic evidence to indicate that a litigant acted in bad faith before a motion to amend will be denied on this ground." *Diallo v. Alo Enters. Corp.*, No. 12–3762 (AET), 2013 WL 3772827, at *3 (D.N.J. July 17, 2013) (citing *Adams v. Gould, Inc*., 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985)).  "Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith." *Id*.

Similarly, a "dilatory motive" may manifest itself as "an effort to prolong litigation." *Tiene v. L. Office of J Scott Watson PC*, 755 F.App'x 203, 207 (3d Cir. 2018); *see also Eagle View Tech., Inc. v. Xactware Solutions, Inc.*, No. 15-7025 (RBK/JS), 2016 WL 7165695, at *4 (D.N.J. Dec. 7, 2016) (explaining that serial filings could show dilatory motive).

Here, however, the SEC's rationale for the proposed amendment does not suggest bad faith or a dilatory motive.  Instead, the Commission's request to amend the Complaint is designed to advance the agency's statutory mandate to protect investors from precisely the sort of misconduct Defendant Gu engaged in.  The

proposed amendment will make a clear statement to the securities markets that executing wash trades for the purpose of creating a misleading appearance of active trading and liquidity in order to qualify for liquidity rebates violates Section 9(a)(1).

**B.    The Proposed Amendment Would Not be Futile**

The Commission's proposed amendment would not be futile.  "Futility, in the context of assessing the merits of a motion for leave to amend under Rule 15, 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *Baymont Franchise Sys., Inc. v. Bernstein Co., LLC*, No. 18-620-JMV-AME, 2021 WL 2935426, at *3 (D.N.J. July 13, 2021) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) and explaining that "the question before a district court is whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").  In other words, a proposed amended complaint is not "futile" if it will survive a motion to dismiss.  *Rodriguez v. Certified Credit & Collection Bureau*, No. 19-1649 (KM) (JAD), 2020 WL 7889041, at *2 (D.N.J. Dec. 31, 2020) (quoting *County of Hudson v. Janiszewsk*i, 351 F. App'x 662, 666 (3d Cir. 2009)).

Defendant Gu would bear the burden of establishing that the SEC's proposed amendment is futile and, "'given the liberal standard applied to the

6

amendment of pleadings' that burden is a 'heavy' one." *Wise v. Hickman*, No. 2:18-12994 (KSH) (JAD), 2020 WL 6375788, at *6 (D.N.J. Oct. 30, 2020) (quoting *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). Here, rather than seeking to establish that amendment would be futile, Defendant Gu has consented to the proposed amendment.

Further, the SEC's proposed Amended Complaint is based in part on new evidence that supports the proposed additional claim that Defendant Gu violated Section 9(a)(1), and the complaint pleads specific and compelling facts to support the proposed claim. Given that the Complaint survived Defendant Gu's Motion to Dismiss (ECF No. 23), and the proposed amendment is based on the same allegations, as well as new evidence stemming from Defendant Gu's written discovery responses and admissions, the proposed Amended Complaint appears likely to survive a motion to dismiss. Therefore, the proposed amendment is not futile.

### C.    Defendant Would Not Be Unduly Prejudiced

Finally, Defendant Gu would not be unduly prejudiced by the proposed amendment. "When evaluating prejudice to the non-moving party in the context of a motion to amend, courts in the Third Circuit consider whether amendment would impair the non-moving party's 'ability to present its case.'" *McGrath v. Rainbow Pediatrics, P.C.*, No. 19-4714 (MJS), 2021 WL 3616749, at *4 (D.N.J. Aug. 16,

2021) (citations omitted).  To establish such prejudice, Defendant Gu would need to make a showing that allowing the amendment would (1) require him to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent him from bringing a timely action in another jurisdiction.  *See Astrazeneca*, 2015 WL 8483298, at *3. Delay alone will not justify denying a motion to amend.  *Id*.  "Rather, it is only where delay becomes 'undue,' placing an unwarranted burden on the court, or ... 'prejudicial,' placing an unfair burden on the opposing party' that denial of a motion to amend is appropriate."  *Id*. (quoting *Adams*, 739 F.2d at 868).

Here, rather than seeking to make a showing of undue prejudice, Defendant Gu has consented to the proposed amendment.  Granting leave to amend the Complaint will not impair Defendant Gu's ability to present his defense, nor will it significantly delay resolution of this matter.  The proposed additional claim is based on essentially the same operative facts that support the Commission's existing claims, including new information obtained in discovery.

## IV.    CONCLUSION

Based on the foregoing, the SEC respectfully requests that the Court grant

leave to file the proposed Amended Complaint in this matter.

Dated:  December 12, 2022                    Respectfully submitted,

*s/ John J. Bowers*
John J. Bowers
James P. Connor
Andrew R. McFall
U.S. SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-4645 (Bowers)
bowersj@sec.gov
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I caused a copy of this document to be filed using the CM/ECF system, which will provide notice to all registered counsel.

*s/ John J. Bowers*
John J. Bowers
*Counsel for Plaintiff*